NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
AMIN JUMAH,                         :
                                    :   Civil Action No. 13-2458 (RMB)
            Petitioner,             :
                                    :
      v.                            :   **OPINION**
                                    :
JANET NAPOLITANO et al.,            :
                                    :
            Respondent.             :
_____ :

      This matter comes before this Court upon Petitioner's submission of a pleading which arrived unaccompanied by a filing fee or an in forma pauperis application. See Docket Entry No. 1. The pleading stated Petitioner's interest in commencing either a habeas matter, under 28 U.S.C. § 2241, or a civil matter pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). See id. The pleading asserts that Petitioner, while being a federal prisoner confined at the FCI Fort Dix, Fort Dix, New Jersey: (a) had an immigration detainer lodged against him shortly prior to the expiration of his prison term; (b) was not released from Fort Dix into the custody of the immigration officials on the day when his term expired or within 48 hours from that date; but, rather (c) was transferred into the immigration custody a few days later, being held during those few days at the Fort Dix facility; and (d) upon being transferred into the immigration custody, has been held without a bond hearing. See id. Petitioner is seeking either an immediate release or a bond hearing. See id.

      Petitioner is obligated to choose between raising either Bivens or habeas challenges in this matter.

The Court of Appeals for the Third Circuit explained the distinction between the availability of civil rights relief and the availability of habeas relief as follows:

> [W]henever the challenge ultimately attacks the "core of habeas" - the validity of the continued conviction or the fact or length of the sentence - a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).

Therefore, a prisoner is entitled to a writ of habeas corpus if he "seek[s] to invalidate the duration of [his] confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the [government's] custody." See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). In contrast, if a judgment in the prisoner's favor would not affect the fact or duration of his incarceration, habeas relief is unavailable and a civil complaint is the appropriate form of remedy.[1] See, e.g., Ganim v. Federal Bureau of Prisons, 235 F. App'x 882 (3rd Cir. 2007); Bronson v. Demming, 56 F. App'x 551, 553-54 (3rd Cir. 2002).

Moreover, while the filing fee for a habeas petition is $ 5.00, the filing fee applicable to a civil rights complaint is $ 350.00. The Clerk cannot file a civil complaint unless the person seeking relief prepays the entire $350.00 filing fee applies for and is granted in forma pauperis status under 28 U.S.C. § 1915. See Local Civil R. 5.1(f). Analogously,

> [a habeas] application is "properly filed" [only] when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.

---

[1] Since Petitioner is seeking release or a bond hearing, it appears that he is interested in raising habeas challenges.

Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (citations and footnote omitted).

Therefore, the Court will direct the Clerk to administratively terminate this matter, subject to reopening upon Petitioner's submission of: (a) a written statement clarifying the jurisdictional nature of Petitioner's challenges; and (b) the filing fee applicable to the action he wishes to litigate (or his complete in forma pauperis application).

s/Renée Marie Bumb<br>
**RENÉE MARIE BUMB**<br>
UNITED STATES DISTRICT JUDGE

Dated: April 25, 2013